UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81431-Civ-Matthewman

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

SERGIO MARQUEZ, *et al.*,

    Defendants.

_____/

FILED BY KJZ D.C.
Sep 24, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DISMISSING CASE WITHOUT PREJUDICE [DE 63]

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of this Court's Order Dismissing Case Without Prejudice ("Motion"). [DE 63]. Defendants responded in opposition. [DE 68]. Plaintiff did not file a reply. This case was reassigned from United States Magistrate Judge Dave Lee Brannon to the undersigned, due to the untimely death of Judge Brannon. [DE 66].

Upon reassignment, the undersigned held a status conference on July 2, 2021 by Zoom Video Teleconference. [DE 75]. During the status conference, in the interest of justice, the undersigned set a deadline of July 7, 2021 for any party to request leave to file a response or a reply to Plaintiff's Motion. [DE 76]. No such relief was sought. This matter is now ripe for review.

During a status conference before Judge Brannon prior to his death, the Court directed the parties to submit supplemental briefing regarding the basis for jurisdiction and whether the Court should exercise its discretion to provide declaratory relief [DE 35], which the parties did. [DE 37, 38, 39]. Thereafter, Judge Brannon reviewed the parties' briefing, the pleadings in this matter, the

1

record in the underlying Palm Beach County Circuit Court Case (Case No. 2020-CA-008311), and considered the relevant *Ameritas*[1] factors. On May 4, 2021, Judge Brannon issued an order declining to exercise jurisdiction over this case and dismissing the case without prejudice ("Order"). [DE 61]. In the present Motion, Plaintiff seeks reconsideration of that Order. [DE 63].

Under Federal Rule of Civil Procedure 60(b), relief from a final judgment, order, or proceeding is appropriate if based upon the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (summarizing that courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice).

To warrant reconsideration of a court order, the moving party must "demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997). But such motions should not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted); *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (alterations and

---

[1] *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005).

citations omitted) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly.").

"Furthermore, reconsideration of a previous order is an extraordinary remedy to be employed sparingly. For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Burger King Corp.*, 181 F. Supp. 2d at 1369 (internal citations and quotations omitted).

Here, Plaintiff fails to meet the high standard for the Court to reconsider and reverse its prior ruling.[2] It appears that in seeking reconsideration, Plaintiff is simply attempting to relitigate a matter which has already been ruled upon, and in so doing, Plaintiff relies upon grounds that were or could have been raised previously. First, Plaintiff argues that the "Order fails to adequately consider all of the *Ameritas* factors[.]" [DE 63 at 4]. However, the Court was not required to consider each factor, which Judge Brannon made clear in his Order. [DE 61 (citing *Artmark Prod. Corp. v. Conbraco Indus.*, No. 11-20879-CIV, 2012 WL 1155132, at *2 (S.D. Fla. Apr. 5, 2012) ("The Court has no obligation to consider each and every factor on the list and it is free to consider any other factors it deems relevant or significant."))].

Second, Plaintiff argues that the Order "misconstrues several relevant factors that should have been given significant weight[.]" [DE 63 at 4]. However, the factors that Plaintiff argues to be worthy of more weight were previously argued by Plaintiff in Plaintiff's briefing on jurisdiction.

---

[2] "As a general rule, when a case is transferred from one judge to another, the successor judge 'should respect and not overrule' a decision of the former judge." *United States v. Philpot*, 773 Fed. Appx. 583, 588 (11th Cir. 2019) (quoting *Stevenson v. Four Winds Travel, Inc.*, 462 F.2d 899, 904 (5th Cir. 1972). However, that rule is not absolute. *Id.* at 588. A successor judge may reconsider the first judge's rulings when final judgment has not yet been entered. *Tech. Res. Servs., Inc. v. Dornier Med. Sys. Inc.*, 134 F.3d 1458, 1465 n.9 (11th Cir. 1998). Here, Judge Brannon's Order dismissed Plaintiff's claims without prejudice, thus the undersigned, as the successor judge, may address and rule upon Plaintiff's Motion.

*Compare* DE 63, *with* DE 37. The Court will not reconsider what it has already considered. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563.

Judge Brannon's nine-page Order was thorough, complete, and well supported. Ultimately, the Court exercised its discretion and declined jurisdiction in this case. Plaintiff has not met the very high standard to reconsider a prior order of the Court. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of this Court's Order Dismissing Case Without Prejudice [DE 63] is **DENIED**.

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of September 2021.

*[signature]*
William Matthewman
United States Magistrate Judge